Dear Mayor Smith:
This office is in receipt of your opinion request, wherein you ask us to examine the legality of a recent municipal board action. You relate that the town clerk was fired by the affirmative vote of three of the five aldermen of the Town of New Llano. You further state that you, in your capacity as mayor, have reappointed the same person as town clerk, but the board of aldermen have failed to confirm her appointment. You ask what her legal status is in relation to the position of town clerk.
The Town of New Llano is a Lawrason Act municipality, governed by the provisions of LSA-R.S. 33:321, et seq. LSA-R.S. 33:404
is applicable to your inquiry, and provides, in pertinent part:
§ 404. Duties of Mayor
 A. The mayor shall have the following powers, duties, and responsibilities:
* * * *
 (3) Subject to applicable state law, ordinance, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police. However, appointment or removal of a non elected chief of police, the municipal clerk, the municipal attorney, or any department head, shall be subject to approval by the board of aldermen, except that in the case of tie vote, the recommendation of the mayor shall prevail. (Emphasis added).
This office is of the opinion that only the mayor has the authority to fire the municipal clerk, subject to approval by the board of aldermen. The case of Bougere v. Anzelmo,517 So.2d 1121 (La.App. 5th Cir. 1987) provides support for this conclusion. Therein, the court invalidated a municipal ordinance which required the mayor to seek board confirmation prior to hiring or firing municipal employees. Interpreting LSA-R.S. 33:404.(A)(3) quoted above, the court stated:
 Under § 404(A)(3), the mayor, subject to ordinance, has the power, duty, and responsibility "to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police." It reasonably follows that the mayor, as chief executive officer, is intended to have the day-to-day charge of administering municipal government. This charge encompasses the right to hire and to fire municipal employees, subject to the "policies and procedures" promulgated by the board of Aldermen, the "legislative body" (LSA-R.S. 33:362(A)(1) charged with directing municipal policy. This duty to enact policies and procedures does not extend to the right to make individual decisions. Only at the officer level — a more policy-directed level — are the aldermen empowered to participate in individual selections, and, even then, they must act in collaboration with the mayor. 517 So.2d at 1124. (Emphasis added).
In summary, the law empowers the mayor alone with the authority to hire and fire the municipal clerk, subject to approval by the board. The board of aldermen are without statutory authority to remove the municipal clerk from her position, thus, the person in question continues to hold her position as town clerk.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
BY: KERRY L. KILPATRICK Assistant Attorney General KLK:ams